BROWNING (UNITED STATES v.). See Cases Nos. 14,673 and 14,674.

BROWN, The J. A. See Case No. 7,118.

BROWN, The J. W. See Case No. 7,590.

BROWNSON v. CHAPMAN. See Case No. 11,042.

## Case No. 2,042.

### BROWNSON v. WALLACE.

[4 Blatchf. 465.][1]

Circuit Court, N. D. New York. Oct. 17, 1860.

PLEADING — DECLARATIONS — REQUISITES — EVIDENCE — LETTERS TESTAMENTARY OF FOREIGN STATE.

1. A declaration on a promissory note, in a suit in this court, drawn in the form of a complaint under the New York Code of Procedure, is bad, on general demurrer.

[See Myers v. Davis, Case No. 9,986.]

2. A claim of damages is necessary, as a matter of substance, in a declaration in an action of assumpsit, and a demand of judgment for the amount of the note proceeded on, and interest, in the form used in complaints under the New York Code, is not such a claim of damages.

3. A court of the United States, in this state, cannot regard letters testamentary or of administration granted in another state, and such letters give no authority to sue in such court.

At law. This was a general demurrer to a declaration, in an action [by Mark Brownson, administrator, etc., of Lyman Ayrault, deceased, against Danforth Wallace] upon a promissory note. [Demurrer sustained.]

Before NELSON, Circuit Justice, and HALL, District Judge.

HALL, District Judge. The courts of the United States in this district have adhered

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

to the forms of pleading which prevailed in the supreme and circuit courts of this state, under the Revised Statutes, and which were adopted in this court before the adoption of the New York Code of Procedure by the legislature of the state. If this fact had been properly considered when the pleading on the part of the plaintiff in this case was prepared, it may be safely assumed that no such pleading as that now under consideration would have been before us; for, it requires no great skill in special pleading to draw a special count upon a promissory note payable to bearer, and to add the appropriate money counts. But, in this case, the pleader, instead of undertaking to frame a declaration in the form prescribed by the law and the practice of this court, has endeavored, and, it may be presumed, with success, to draw a complaint, such as would have been required under the New York Code, if this suit had been prosecuted in one of the courts of that state. And, as the declaration might, without difficulty, have been drawn in strict conformity to the rules of pleading applicable to declarations in this court, so, on the other hand, the defendant's attorney might have relieved the case from all doubt, if he had demurred specially, and pointed out the numerous and manifold defects in form which are apparent upon the face of the plaintiff's pleading. A little more care on either side would, therefore, have avoided the necessity for an examination of the questions now before us upon this demurrer, and have saved the delay and expense caused by these careless proceedings.

But the demurrer is a general demurrer, and the question now before us is not, whether the plaintiff's pleading is defective in form, but whether it is good in substance. As has been stated, the pleader did not attempt to draw a common law declaration, or such a declaration as the law and the practice of this court require, but he evidently intended to frame, and supposed he was framing, a good complaint in the form, or, rather, having the requisites, of a sufficient complaint under the New York Code. It is possible a man may accomplish what he has not intended to accomplish, but it can hardly be supposed, after the most cursory reading of the pleading, that the pleader in this case has accomplished what he did not intend, and has framed a good declaration in assumpsit upon the note described. Although it may not be easy to point out the specific defects of the pleading, I cannot but think, looking to the pleading as a whole, that it is clearly bad in substance.

A declaration in this court, founded upon a promissory note, and containing the statements contained in the plaintiff's pleading, with such others as would be required to make it a good and sufficient declaration, would undoubtedly be a declaration in assumpsit, under which the plaintiff would be

entitled to recover the damages sustained by him, to the extent properly claimed at the close of the declaration. The damages sustained and claimed are the very foundation of the action of assumpsit, and the claim of damages is, therefore, of the substance of the declaration. On the trial of an issue upon such a declaration, the verdict of the jury in the plaintiff's favor would be, that the defendant did undertake and promise, in manner and form as the plaintiff had within complained against him, and that they assessed the damages of the plaintiff, by reason of the premises, at, &c., over and above his costs and charges, &c.; and, in case the jury rendered a verdict for an amount of damages greater than that claimed in the declaration, the plaintiff would necessarily remit the excess, or the judgment would, as of course, be reversed on error.

In the plaintiff's pleading in this suit, no damages are claimed; and, if any issue properly triable in this court should be here joined on such a pleading, and the jury should render a verdict for the plaintiff, and give him damages, those damages could not be legally collected, because no damages are claimed in the pleading. This, it strikes me, is conclusive evidence that the pleading is bad in substance, and that the demurrer must be allowed. It is true, that the plaintiff demands judgment for the amount of the note proceeded on and interest, in the form used in complaints under the New York Code; but this is, in no just sense, a statement and claim of damages, in substance like that required in a declaration in this court. I am, also, strongly inclined to the opinion, that the plaintiff's pleading is bad, because it states no right in the plaintiff, except one based and dependent upon the grant of letters of administration in the state of Iowa.

It is well settled, that the courts of this state (and the courts of the United States must follow the same rule of decision) cannot take notice of or regard letters testamentary or of administration granted in another state, and that such letters give no authority to sue here. Now, the only allegation of the plaintiff's right to the note proceeded on, or to demand payment thereof, is, that it was duly assigned or transferred by the maker to De la Matyr, by De la Matyr to Minard, and by Minard to Ayrault; that Ayrault died in Iowa, intestate; that letters of administration upon his estate were granted to the plaintiff in Iowa; and "that the plaintiff, as administrator as aforesaid, is now the legal owner and holder of said note."

It is not alleged, that the note had been delivered to the plaintiff, or that he is the "bearer" thereof: and the general allegation, that he is the legal owner and holder, if it would be equivalent to the allegation that he is the bearer, in a case where he prosecuted in his individual capacity, is so connected with and dependent upon the allegation of a grant of administration which this court cannot recognize, that I cannot but think that, upon the ground of defective allegations in this respect, the demurrer must be held to be well taken. The allegation that the plaintiff is the legal owner and holder, is a statement of a conclusion of law, and the facts stated as the foundation for that conclusion show that the conclusion of law is not sustained by the facts stated, unless this court regards and gives effect to the grant of letters of administration by means of which alone it is averred he became such legal owner and holder. Therefore, we cannot reject as surplusage the addition to the plaintiff's name which shows that he sues in his representative capacity, and we cannot recognize his existence in that representative capacity. It is probable that, under the authorities cited from the reports of the decisions of the supreme court of the state, the plaintiff would be entitled, under proper pleadings, in a suit brought by him in his individual capacity, to recover, upon the production and proof of the note here prosecuted, notwithstanding it might be proved that he came into possession of the note as administrator under the laws of Iowa; but it is not necessary now to discuss that question, or to determine whether the plaintiff can entitle himself to recover without taking out letters of administration in this state.

As this court cannot regard the letters of administration granted in Iowa, the plaintiff is subject to the same rules in regard to costs as though he had sued in his individual capacity. The defendant must have judgment upon the demurrer, with liberty to the plaintiff to amend his pleading within twenty days, on payment of costs.